Earle, J.,
delivered the opinion of the Court.
It does not appear from the report of bis Honor, the presiding Judge, and we are not otherwise informed, whether the defendants were indicted for grand or petit larceny. The proof is that the corn was actually taken from the crib by the negro, and the defendants were not actually present, so as to be aiding and abetting: nor does the evidence make out such a case of concert and co-operation in a common design, as to make them constructively present, and therefore principals in the second degree. According to the rules applicable to cases of felony, if they only counselled, commanded, or procured the corn to be stolen, even for their benefit, they would only be accessories before the fact, and could not have been convicted of grand larceny, unless so charged in the indictment. The same proof, however, would have made them principals in petit larceny, which does not *238 admit of accessories, and I suppose for this latter offence they were indicted.
On a careful examination of the evidence, I think the case has not been sufficiently proved against the defendants. In order to constitute larceny, an entire possession of the goods, if for an instant only, is indispensable. The defendants never had the possession of the goods, and the presumption which would arise against them from such possession unexplained on their part, does not arise. They could only be convicted of petit larceny on such proof as would make them accessories before the fact in grand larceny, as that the corn was stolen by their counsel, command or procurement; or such as would make them principals in the second degree; as that it was stolen not only with their knowledge, but with their consent and co-operation, they being actually or constructively present, aiding and abetting. I think that the evidence will be found very clearly deficient on both points.
The defendant Hardy, inquired if the negro had any bacon that he could let him have- — and being answered in the negative, inquired if another negro had any. He made no application for corn, and if the negro had been able to furnish the bacon, it would be more reasonable, as well as more charitable, to conclude that the defendant, Hardy, expected and intended to pa}'- for it; nor is there any good ground for assuming that he was negotiating for a stolen article rather than such as belonged to the negro. That the taking by the negro was such as to constitute a theft on his part, is clear enough; and that something improper and unlawful was intended on the part, at least, of the defendant, Hardy, may fairly be inferred. Although the corn was stolen by the negro, with the view to dispose of it to the defendants, or one of them, even under an agreement with the latter that they would receive it, or purchase it, yet there is surely no sufficient proof that they knew that he was stealing it at the time he was engaged in the act, or that they advised or procured him to steal it in order that they might obtain it. It is more reasonable to conclude that they intended no higher offence than to trade with the negro for whatever he had to sell.
Where the circumstances are equivocal and will bear several interpretations, it is our duty to give them that *239 construction which, is most favorable to the accused, and which involves the smallest degree of guilt.
The motion for a new trial is granted.